**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4470**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SYLVESTER DUGGER,

Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (CR-03-232)

---

Submitted:  August 5, 2005          Decided:  August 19, 2005

---

Before NIEMEYER, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

---

Jacqueline A. Hallinan, HALLINAN LAW OFFICES, P.L.L.C., Charleston, West Virginia, for Appellant.  Kasey Warner, United States Attorney, Stephanie L. Haines, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Sylvester Dugger appeals his 262-month sentence following his guilty plea to possession with intent to distribute five or more grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) (2000). We affirm his conviction, vacate his sentence, and remand for resentencing.

Dugger pled guilty pursuant to a written plea agreement. On appeal Dugger argues: (1) his sentence violated the Sixth Amendment under Blakely v. Washington, 542 U.S. 296 (2004), because it was enhanced based on judicial findings of prior convictions; (2) the district court abused its discretion in relying on unreliable records from Georgia to determine Dugger was the offender in a prior conviction; and (3) the district erred in denying his motion to suppress. After United States v. Booker, 125 S. Ct. 738 (2005) issued, Dugger filed a supplemental brief arguing that the mandatory application of the sentencing guidelines was plain error warranting reversal and remand in light of the district court's comments that the guidelines sentence was unduly harsh. The Government agreed that remand was appropriate. Because the issues under Blakely and Booker are raised for the first time on appeal, review is for plain error. See United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).

Although we reject Dugger's other arguments,[1] we find plain error occurred in sentencing Dugger according to the mandatory guidelines.[2]  See United States v. White, 405 F.3d 208, 215-25 (4th Cir. 2005).  Thus, while we affirm Dugger's conviction, we vacate his sentence and remand for resentencing in accordance with Booker.[3]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART

---

[1]We note Dugger waived his right to challenge the denial of his motion to suppress by making a knowing and voluntary plea of guilty.  Tollett v. Henderson, 411 U.S. 258 (1973) (defendant who pleads guilty may not challenge nonjurisdictional errors, including deprivation of constitutional rights occurring prior to entry of plea).

[2]Just as we noted in Hughes, 401 F.3d at 545 n.4, "we of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Dugger's sentencing.

[3]Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767.  On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. See Hughes, 401 F.3d at 546.  The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. Id.  If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). Id.  The sentence must be "within the statutorily prescribed range . . . and reasonable." Id. at 546-47.